Michael Colodner Formal Opinion Counsel No. 2004-F4 New York State Unified Court System 25 Beaver Street New York, New York 10004
Dear Mr. Colodner:
You have requested an opinion as to the effective date of a salary increase for justices of the State Supreme Court, pursuant to Chapter 630 of the Laws of 1998. L. 1998, ch. 630, § 1. The statute had an effective date of January 1, 1999. Id. § 16. You have asked whether the increased salary began to accrue on this date or on January 7, 1999, the beginning of the payroll period the first day of which was nearest to the statute's effective date. The Office of the State Comptroller applied this statute so that the increased salary began to accrue to the justices on January 7, 1999[1]. In our opinion, this was the correct interpretation of the statute.
Analysis
In addition to providing for increased salaries for certain State officers and employees, including the justices of the State Supreme Court, Chapter 630 includes a provision regarding when these increases accrue. Section 12, titled "Date of entitlement to salary increase," specifies that:
[n]otwithstanding the provisions of this act or of any other law, the increase of salary or compensation of any officer or employee provided by this act shall be added to the salary or compensation of such officer or employee at the beginning of that payroll period the first day of which is nearest to the effective date of such increase as provided in this act, or at the beginning of the earlier of two payroll periods the first day of which are nearest but equally near to the effective date of such increase as provided in this act. . . .
L. 1998, ch. 630, § 12. Section 16 of Chapter 630 provides for an effective date of January 1, 1999.
The question presented by the position papers of the justices and the Comptroller's Office is as follows: when section 12 is read in conjunction with section 16, on what date do the increases provided for in Chapter 630 accrue? The justices' position is that the increased salary began to accrue to the justices on January 1, 1999 and was to have been included in the first paycheck that they received following the statute's effective date, i.e., on January 6. The Comptroller's position is that the increased salary began to accrue at the beginning of the payroll period the first day of which was closest to the statute's effective date, i.e., on January 7, and was to be included in the paycheck that the justices received at the end of that payroll period. Our opinion is that section 12 provides for the increased salary to begin accruing at the beginning of the payroll period the first day of which was nearest the effective date (i.e., on January 7).
The text of section 12 leads us to this conclusion. First, we note that the title of section 12 is "Date of entitlement to salary increase" (emphasis added). Although a heading in a statute is not determinative of legislative intent, it may be used to clarify such intent. See Statutes § 123, 1 McKinney's Cons. Laws of N.Y. at 249 (1971). "Entitlement" is defined as "[t]he act or process of entitling," while "entitle" means "[t]o furnish with a right or claim to something." American HeritageDictionary of the English Language 597 (4th ed. 2000). Thus, the title of section 12 indicates that this section was meant to identify the date on which the justices would acquire their right to the increased salary, as opposed to the date on which they would actually receive the increased salary. This is consistent with the Comptroller's position that the date specified in section 12 refers to the time at which the salary increase would begin to accrue, not the time it would be paid.
Construing Chapter 630 as mandating that the salary increase begin to accrue on January 7, 1999 is also supported by the legislative history of a previously-enacted statute that included similar language[2] In 1957, the Legislature amended the State Finance Law to allow annual increments to the salaries of civil service employees. See L. 1957, ch. 191, § 2, codified at State Finance Law § 44(8). This section provided that,
[n]otwithstanding any other provisions of this chapter or of any other law, when any officer or employee of the state whose compensation is payable in accordance with section six of this chapter is granted an increment or increase in salary or compensation pursuant to statute or pursuant to budgetary appropriation, which increment or increase is otherwise effective on the first day of a fiscal year, such increment orincrease shall be added to the salary or compensation of such officer oremployee at the beginning of that payroll period the first day of whichis nearest to the first day of the fiscal year . . . .
L. 1957, ch. 191, § 2 (emphasis added).
The legislative history to the 1957 statute indicates that the purpose of this language was to ensure that the salaries of affected employees would not have to be calculated on the basis of two different pay scales within one pay period. See Mem. from State Exec. Dep't, Div. of Budget (March 28, 1957), reprinted in Bill Jacket for ch. 191 (1983), at 3. Both the Comptroller and the Governor's Office of Employee Relations have informed us that language substantially identical to that of section 12 of Chapter 630 of the Laws of 1998 is also included in civil service contracts and "pay bills" (State legislation enacted to ratify the terms of a collective bargaining agreement) today for the same reason. Requiring the Comptroller to calculate the pay due to a sitting judge for the pay period beginning December 24, 1998 using two different pay scales — one for December 24, 1998 to December 31, 1998, and another for January 1, 1999 to January 6, 1999 — would undermine this goal.
Furthermore, we have been informed that language similar or identical to that in section 12 has been included in pay bills for many years. We understand that the interpretation outlined above — that the pay increase first began to accrue to the justices as of January 7, 1999 — is consistent with the interpretation that has been given to similar language in pay bills and statutes increasing judicial salaries over the years by the Comptroller's Office[3]. This interpretation is entitled to deference because the Comptroller's Office is the entity charged with administering the payroll for State officers. See State Finance Law § 8;id. § 200 et seq.; Moran Towing Transp. Co. v. New York State TaxComm'n, 72 N.Y.2d 166, 173 (1988) (construction given statutes by the agencies responsible for administering them, if not unreasonable or irrational, is entitled to great weight).
In addition, during the lengthy period of time that the Comptroller has been interpreting this language, the Legislature has repeatedly enacted bills with identical or substantially identical language, including Chapter 630[4]. Where the practical construction of a statute is well known, the Legislature is charged with such knowledge and its failure to interfere indicates acquiescence. Engle v. Talarico, 33 N.Y.2d 237, 242
(1973).
The justices suggest that the remaining language in section 12[5], which addresses the determination of salary upon a change in status, supports the position that the increased salary began to accrue January 1. However, this same language has also repeatedly been included in legislation (following the language found in the first clause of section 12) for many years[6], while the language in section 12 has been interpreted by the Comptroller in a consistent manner without legislative interference.
It has also been suggested that the language of section 13,[7]
regarding the payment of a lump sum to incumbents who do not receive the increased salary during the first possible pay period, supports the position that the pay increase began to accrue on January 1. We read this section to simply provide that, in the event the increased salary is not paid in the first payroll period after the increased salary begins to accrue, incumbent justices continue to receive their former pay and are eligible to receive a lump sum payment for the amount due at the increased rate.[8]
For the reasons discussed above, we are of the opinion that the date upon which the increased salary first began to accrue to the justices of the Supreme Court was January 7, 1999.
Very truly yours,
ELIOT SPITZER, Attorney General
[1] Your request for opinion was submitted with the consent of the Office of the State Comptroller and included a presentation by that office of its position, as well as position papers submitted by counsel for the Association of Supreme Court Justices.
[2] The legislative history to Chapter 630 provides no guidance in interpreting the relevant sections.
[3] We note that substantially identical language was included in legislation that increased judicial salaries in 1984, 1987, and 1993.See L. 1984, ch. 986, § 28; L. 1987, ch. 263, § 27; L. 1993, ch. 60, § 35. This language was applied to calculate the payment due the judges by the Office of the State Comptroller in the same way as it was in the instant situation. We have not located any evidence that the application of the same principles by the Comptroller on these previous occasions resulted in any legal challenges, nor is the Comptroller's Office aware of any such challenges.
[4] See,_e.g., L. 2003, ch. 22, § 23 (salary increases for State police officers); L. 2000, ch. 68, § 15 (implementing various collective bargaining agreements and providing salary increases for various State officers and employees); L. 2000, ch. 69, § 12 (salary increases for non-judicial officers and employees of the Unified Court System).
[5] The second clause of section 12 provides as follows:
 [P]rovided, however, that for the purposes of determining the salary of such officer or employee upon reclassification, reallocation, appointment, promotion, transfer, demotion, reinstatement or other change of status, such salary increase shall be deemed to be effective on the date thereof as prescribed in this act, and the payment thereof pursuant to this section on a date prior thereto, instead of on such effective date, shall not operate to confer any additional salary rights or benefits on such officer or employee.
[6] See L. 2003, ch. 22, § 23; L. 2000, ch. 68, § 15; L. 2000, ch. 69, § 12; L. 1984, ch. 986, § 28; L. 1987, ch. 263, § 27; L. 1993, ch. 60, § 35.
[7] Section 13 provides that:
 Notwithstanding the provisions of this act or of any other law, commencing January 1, 1999, and pending payment pursuant to this act of the basic annual salaries of incumbents of positions subject to this act commencing January 1, 1999, such incumbents shall receive, as partial compensation for services rendered, the rate of compensation otherwise payable in their respective positions on January 1, 1999. An incumbent holding a position subject to this act at any time during the period from January 1, 1999, until the time when basic annual salaries are first paid pursuant to this act for such service in excess of the compensation actually received therefor shall be entitled to a lump sum payment for the difference between the salary to which such incumbent is entitled for such service and the compensation actually received therefor. Such lump sum payment shall be made as soon as practicable.
L. 1998, ch. 630, § 13.
[8] We have been advised that this is standard language used in legislation ratifying collective bargaining agreements where the legislation is by its terms retroactive or where such legislation is not enacted in time to permit the payment of the increased salary by the "date of entitlement."